Cohn and others *v.* Seeberger, Collector, etc.

(*Circuit Court, N. D. Illinois.* March 14, 1887.)

Customs Duties—Worsted—Non-Enumerated Articles—"Diagonals."
  Cloths popularly known as "diagonals," worsted being the component of chief value, should be classed for duty as a "manufacture of worsted not otherwise provided for," (paragraph 363, New Tariff,) and not as "woolens," and are subject to a duty of 24 cents per pound, and 35 per cent. *ad valorem*.

At Law. Action to recover excess of duties paid under protest.
*P. L. Shuman*, for plaintiff.
*W. G. Ewing*, U. S. Atty., for defendant.

Blodgett, J. Plaintiffs imported an invoice of cloths popularly known as "diagonals," which were classed by the collector as "woolens," and a duty of 35 cents per pound and 35 per cent. *ad valorem* assessed upon them, under paragraph 362 of the New Tariff as indexed by the treasury department. Plaintiffs insisted that the goods should have been classed as "manufactures of worsted not otherwise provided for," and a duty assessed upon them, under paragraph 363 of the New Tariff,

at 24 cents per pound, and 35 per cent. *ad valorem.* Plaintiffs paid the duties so assessed under protest; appealed to the secretary of the treasury, by whom the action of the collector was affirmed; and brought this suit to recover the excess of duties which, as they claim, were illegally assessed.

Paragraph 362, so far as it is material to the questions in this case, is as follows:

"Woolen cloths, * * * and all manufactures of wool of every description, made wholly or in part of wool, not specially enumerated or provided for in this act, valued at not exceeding eighty cents per pound, thirty-five cents per pound and thirty-five per centum *ad valorem;* valued at above eighty cents per pound, thirty-five cents per pound, and in addition thereto forty per centum *ad valorem.*"

And so. much of paragraph 363 as is material to this case is as follows:

"All manufactures of every description, composed wholly or in part of worsted, * * * not specially enumerated or provided for in this act, valued at not exceeding thirty cents per pound, ten cents per pound; valued at above thirty cents per pound, and not exceeding forty cents per pound, twelve cents per pound; valued at above forty cents per pound, and not exceeding sixty cents per pound, eighteen cents per pound; valued at above sixty cents per pound, and not exceeding eighty cents per pound, twenty-four cents per pound; and, in addition thereto, upon all the above-named articles thirty-five per centum *ad valorem.*"

The proof shows that the goods in question are used mainly, if not wholly, in this country, for the manufacture of men's wearing apparel, such as coats, vests, and pantaloons, and are denominated or known to the trade as "worsteds," and are composed mainly of worsted, but that the worsted fiber is mixed or adulterated with about 10 per cent. of shoddy and some cotton; and the expert called by the government testifies that this shoddy is composed of wool, or, at least, that by microscopic examination he found wool to an extent of not less than 10 per cent. Worsted is made by combing the long-fibered wools so that the fibers shall lie or be arranged along-side of each other; while wool is treated by carding, so as to interlock the fibers with each other. Generally speaking, worsted is wool, that is, it is one of the products of wool; but, for the purpose of assessing duties under the customs laws of this country, it is obviously considered as a different commodity from wool.

I think that the fair deduction from the proof in the case is that the characteristic quality of these goods is given them by the worsted contained in the yarn from which they are woven, but that, for the purpose of giving them an increased body and weight at a comparatively low cost, a percentage of shoddy, and perhaps cotton, has been mixed or spun in with the worsted fiber. Shoddy is defined by Webster to be "a fibrous material obtained by dividing or tearing into fibers refuse woolen goods, old stockings, rugs, druggets, etc." In Ogilvie's Imperial Dictionary it is defined as "old woolen or worsted fabrics torn up or deviled into fibers by machinery, and mixed with fresh but inferior wool, to be espun and made into cheap cloth." After old woolen and worsted fab-

rics have been torn and picked in pieces by a deviling machine, as I understand shoddy to be made, I apprehend that it would be extremely difficult, if not impossible, for a microscopist to distinguish between the wool and worsted of which it was composed. In fact, the product of the deviling process upon old woolens and worsteds would seem to be a separate manufacture of wool, as much, perhaps, as worsted, as shoddy is subject to a specific duty of 10 cents per pound when imported. (See paragraph 361, New Tariff Index.) I am therefore of opinion that these goods, being composed principally of worsted,—the worsted giving character to the fabric,—were entitled to be classed as a manufacture of worsted, although there was a portion of shoddy, which may have all been made from wool, mixed with the worsted fiber for the purpose of giving weight and body to the fabric. Good merchantable or commercial wool, if mixed or combined with worsted, would undoubtedly increase the cost; that is, make a more expensive manufacture than the same weight of shoddy, and hence shoddy is used solely as an adulterant to save so much weight of worsted.

Proof was introduced on the part of the plaintiffs showing that these goods are commercially known to the trade as "worsteds," but I think the test as to their classification for the purpose of assessing duties is whether they are made wholly or in part of what is commercially known as wool or worsted, or whether they are made of a mixture of worsted and the article known as "shoddy." If they were composed of worsted and wool mixed, although the worsted might be the component of chief value, I should be inclined to think them dutiable as woolens. But these goods are composed of worsted and shoddy, the worsted being the component of chief value, and shoddy, although it may be a product of wool, is not wool within the meaning of paragraph 362 above quoted. Hence I think them dutiable as worsted goods not otherwise specially enumerated or provided for under paragraph 363.

The issue is found for the plaintiffs.